

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 410 | **DATE** | April 15, 2004 |
| **CASE TITLE** | | HANLON v. XY TOOL & DIE, INC. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] This court sua sponte remands this case to the Circuit Court of Cook County, Illinois. The Clerk of Court is directed to mail a certified copy of the remand order forthwith. In light of our ruling, defendant's motions to dismiss for lack of jurisdiction and, alternatively, to transfer the case to the Northern District of Indiana [4-1, 4-2] are denied as moot. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| X | Notices MAILED by judge's staff. | | APR 16 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | 7 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to ___ | | | | |
| | | | | date mailed notice | |
| KAM | courtroom deputy's initials | | Date/time received in central Clerk's Office | KAM mailing deputy initials | |
| | | | (Reserved for use by the Court) | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHYLLIS HANLON, as Special Administrator of the Estate of THOMAS HANLON, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> XY TOOL & DIE, INC., <br><br> Defendant. | No. 04 C 410 |

### MEMORANDUM OPINION

Defendant has removed this action from the Circuit Court of Cook County, Illinois to this court. For the reasons stated below, the court *sua sponte* remands the case to state court.

### BACKGROUND

Plaintiff Phyllis Hanlon, Special Administrator of the Estate of her deceased husband, Thomas Hanlon ("decedent"), brought this wrongful death and survival action against Defendant XY Tool & Die, Inc. in Illinois state court. Plaintiff is an Illinois citizen and defendant is an Indiana corporation with its principal place of business in Indiana.

The complaint states that on June 6, 2003, the decedent, as part of his employment, was operating an allegedly defective "clutch test machine" which was manufactured by defendant. The decedent suffered fatal injuries while operating the machine "when

[it] crushed him due to the lack of continuous functioning horizontal light curtains designed to guard and prevent entry of employees into points of operation." (Compl., p. 2.)

The complaint asserts wrongful death claims on both products liability and negligence theories (Counts I & II, respectively), and a survival claim premised on products liability (Count III). Each count contains a separate request for damages "in an amount in excess of the jurisdictional amount of this Court." (Compl., pp. 4, 6.)[1] Plaintiff filed the complaint on November 3, 2003, and served it upon defendant on November 7, 2003. On December 19, 2003, defendant served plaintiff with a request to admit that the action sought damages in excess of $75,000. Defendant received an unqualified admission to that effect on January 20, 2004. The following day, defendant removed the action to federal court.

## DISCUSSION

Section 1441(a) of Title 28 permits a defendant in a civil action brought in state court to remove the case to a federal district court which would have had original jurisdiction over the case, by virtue of either diversity of citizenship or the presence of a federal question. See 28 U.S.C. § 1441. Defendant's notice of removal invokes this court's diversity jurisdiction which requires that the suit is between citizens of different states and

---

[1] The division of the Circuit Court of Cook County in which the case was brought, known as the Law Division, has a jurisdictional amount in controversy requirement of $50,000.

that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1). Both requirements are met in this case. But that is not the end of the matter. To effect a removal, a defendant also must comply with the procedures in 28 U.S.C. § 1446. Section 1446(b), the subsection relevant here, outlines the timeliness requirements for removal. The first paragraph of that section provides:

> The notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b). The second paragraph reads:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Id.

Removal in the Northern District of Illinois is also governed by Local Rule 81.2, which mandates that when a defendant seeks to remove an action from an Illinois state court based on diversity, and where the complaint does not contain an express *ad damnum* exceeding the jurisdictional amount in controversy, the defendant must include two items in the notice of removal: (i) a

statement of defendant's good faith belief that the amount in controversy exceeds the jurisdictional amount, and (ii) an interrogatory response or admission by the plaintiff stating either that the damages sought are indeed in excess of $75,000, or that plaintiff declines to agree that damages will not exceed $75,000. See N.D. Ill. L.R. 81.2. Under the Local Rule, receipt by the removing defendant of the second item constitutes the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b).[2] See id.

It is clear that defendant did not file its notice of removal within thirty days of receiving a copy of the complaint as required by the first paragraph of section 1446(b). Therefore, the removal is timely only if defendant can invoke the section's second paragraph, that is, "[if] the case stated by the initial pleading is not removable," and the case was removed within thirty days of receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b).

Defendant's notice of removal asserts that it could not have ascertained that the action sought damages in excess of $75,000,

---

[2]Local Rule 81.2 must be read in conjunction with section 1446(b) and cannot conflict with or override the terms of the statute. See Weigand v. The Paul Revere Life Ins. Co., No. 97 C 8880, 1998 WL 142365, at *3 (N.D. Ill. Mar. 19, 1998).

and was thus removable, until it received plaintiff's Local Rule 81.2 admission on January 20, 2004. We disagree.

It is true, as defendant maintains, that no single *count* contains a prayer for relief in excess of $75,000. However, "[t]he diversity statute confers federal jurisdiction over 'civil actions' satisfying the required minimum amount in controversy, not over counts, thus permitting the plaintiff to aggregate the stakes in his separate claims or counts to come up to the minimum." Herremans v. Carrera Designs, 157 F.3d 1118, 1121 (7th Cir. 1998) (citations omitted). This complaint alleges three counts, each of which contains an express *ad damnum* for an amount exceeding $50,000. It appears that Counts I and II, the wrongful death counts, are essentially one claim pled under alternative legal theories, which precludes their aggregation. There is no impediment, however, to aggregating the wrongful death claim (Counts I and II) and the survival claim (Count III). These are distinct causes of action, each with its own basis for recovery. See Varelis v. Northwestern Mem'l. Hosp., 167 Ill.2d 449, 456, 657 N.E.2d 997, 212 Ill.Dec. 652 (1995)("[B]oth a survival action and a wrongful death action may be pursued for injuries caused by the same conduct.") (internal citations omitted.)[3] So had plaintiff

---

[3] The Illinois Wrongful Death Act provides a cause of action for the benefit of a deceased person's surviving spouse and next of kin to compensate them for their losses. See 740 ILCS 180/1 & 2. The Illinois Survival Act, on the other hand, contemplates an action to recover damages for the deceased person's injuries sustained prior to death. See 755 ILCS 5/27-6. See generally

chosen to file this action in federal court instead of Illinois state court, this court would have had original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because plaintiff's express *ad damnums* of $50,000 for her independent wrongful death and survival claims could be aggregated to total $100,000.

And just as plaintiff could have aggregated her claims to establish original jurisdiction, defendant could have done so to effect a removal. See Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997) ("Removal is proper over any action that could have originally been filed in federal court."). Therefore, it was apparent (or should have been) from the face of the complaint that this case was removable. Defendant's reliance on the second paragraph of section 1446, which by its own terms applies only "[if] the case stated by the initial pleading is not removable," is simply misguided. 28 U.S.C. § 1446(b). As for Local Rule 81.2, that provision never should have come into play because no discovery was required to determine that the complaint sought damages in excess of $75,000. See N.D. Ill. L.R. 81.2 *Committee Comment* ("This rule outlines a procedure to be followed in cases where the complaint filed in state court does not, on its face, indicate that the amount in controversy exceeds the jurisdictional amount specified by 28 U.S.C. § 1332(a).")

Accordingly, because defendant could have ascertained the

---

Patch v. Glover, 248 Ill.App.3d 562, 573, 618 N.E.2d 583, 788 Ill.Dec. 13 (1st Dist. 1993).

removability of the case upon its receipt of the complaint, the notice of removal, filed seventy-four days thereafter, is untimely under 28 U.S.C. § 1446(b). In light of our ruling, defendant's motions to dismiss for lack of jurisdiction and, alternatively, to transfer the case to the Northern District of Indiana are denied as moot.

## CONCLUSION

For the foregoing reasons, we *sua sponte* remand this case to the Circuit Court of Cook County, Illinois. The Clerk of Court is directed to mail a certified copy of the remand order forthwith.

DATE: April 15, 2004

ENTER: _____

John F. Grady, United States District Judge